### ◆ APPEAL OF PETER W. ROUSS.

Docket No. 5769.   Decided July 29, 1926.

An individual conducted a business as a sole proprietor and took inventories and determined profits as of June 30, and December 31 of each year. On May 13, 1918, the business was incorporated and taken over by the corporation as of January 1, 1918. The Commissioner determined the profits of the individual from his individual business for the year 1918 by taking such proportion of the profits of the business for the entire calendar year 1918 as the number of days from January 1 to May 13 is to 365. *Held*, that, in the absence of evidence showing the true profits of the business from January 1 to May 13, 1918, the action of the Commissioner in making his allocation of profits should not be disturbed.

*J. S. Y. Ivins, Esq.*, for the petitioner.
*Ward Loveless, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of deficiencies in income tax for the years 1918 and 1919 in the respective amounts of $134,-883.27 and $5,813.65. The deficiency for the year 1918 arises from the action of the Commissioner in determining that the taxpayer derived income from an individual business from January 1 to May 13, 1918, which business was sold to a corporation on the last-named date, the sale being made effective as of January 1, 1918. The issue raised for the calendar year 1919 was abandoned by the taxpayer at the trial of the appeal.

### FINDINGS OF FACT.

Charles Broadway Rouss, the taxpayer's father, built up a large wholesale business in New York City and sold goods to stores throughout the country. The father died in 1902 and the taxpayer inherited the business from him. On May 13, 1918, he caused the formation of two corporations—the Charles Broadway Rouss Realty Corporation and Charles Broadway Rouss, Inc. He transferred the real estate, building, machinery, and furniture and fixtures connected with the business to the former and the operating assets, including inventory and accounts receivable, but excluding cash on hand at December 31, 1917, to Charles Broadway Rouss, Inc. The transfers were made as of January 1, 1918, although the corporation did not come into existence until May 13, 1918. The books of the merchandising business were not closed as of May 13, 1918. The last prior closing was December 31, 1917. The corporation, Charles Broadway Rouss, Inc., paid a dividend on July 25, 1918, of $222,000.

The earnings of the business for the entire calendar year 1918 were $666,831.20. The taxpayer included no part of these earnings in his individual income-tax return for 1918, but returned as income the full amount of the dividends received upon his shares of stock in the corporation, namely, $133,224. The Commissioner amended his income-tax return by adding to his income from the business conducted as an individual 132/365ths of the earnings of the merchandising business for the year 1918, or $241,155.39. The fraction represents the ratio between the number of days elapsing from January 1 to May 13, 1918, and the total number of days in the year. He further amended his return by reducing the amount of the taxable dividend from $133,224 to $65,404.51, the difference being considered by the Commissioner as a return of capital.

The books of account of both the taxpayer and the corporation were kept upon the accrual basis.

### OPINION.

SMITH: The taxpayer contends that for the year 1918 he received no income from the merchandizing business carried on by himself from January 1 to May 13, 1918, and by Charles Broadway Rouss, Inc., for the balance of the year, other than the dividend which he received on shares of stock in the corporation in the amount of $133,224. He contends that because it was impossible to determine the value of the business at May 13, 1918, or even what the business actually consisted of, due to lack of inventories, the sale was made as of January 1, 1918; that the business was sold as it stood at January 1 with all changes that had taken place between January 1 and May 13, such changes being undetermined; that the taxpayer re-

tained for himself the cash that had been on hand on January 1, 1918, but sold the inventory and accounts receivable as they had stood on January 1, 1918, subject to liabilities with all increases and decreases that had taken place between January 1 and May 13. In other words, the taxpayer contends that the business was sold "sight unseen" at the value shown by the balance sheets at January 1. He further contends that without inventories there can be no computation of gain from the sale of the business and without computation there can be on accrual of income. The Commissioner contends, on the other hand, that the taxpayer is liable to income tax in respect of any profits from the conduct of the individual business from January 1 to May 13, and that a failure on the part of the taxpayer to take an inventory at May 13 for the purpose of determining the amount of gain or profit, if any, is not proof that the conduct of the individual business from January 1 to May 13 was without profits; that in a case where a taxpayer has not taken steps to determine the amount of the profit resulting from the conduct of a business, the Commissioner has authority under section 212 (b) of the Revenue Act of 1918 to determine such profits.

The taxpayer admits that the merchandizing business is not entitled to be taxed as a corporation for the entire calendar year 1918 under section 330 of the Revenue Act of 1918, since the earnings of the business for the year were less than 20 per cent of its invested capital.

The taxpayer contends that the sale of his business to the corporation on May 13, 1918, is analogous to the sale by an individual of an interest-bearing bond between interest-paying dates at a flat price; that if such price is the same as the cost of the bond there can be no gain to the individual from the sale of the bond, even though interest has accrued upon the bond from the last interest-paying date to the date of sale. It is argued that, since in such case there would be no profit liable to income tax, so in the instant case the taxpayer would have derived no profit from the sale of his business to the corporation.

We can not see any analogy in the instant case to the sale of bonds at a flat price between interest-paying dates. The Commissioner does not contend that the taxpayer made a profit from the sale of his business to the corporation but that the individual is liable to income tax in respect of the income derived by him from his individual business from January 1 to May 13, 1918, and that, in the absence of a determination of the profit by the taxpayer, the Commissioner is authorized to take such part of the profits of the business for the entire year as the number of days elapsing from January 1 to May 13 is to 365.

Section 212 of the Revenue Act of 1918 provides:

(a) That in the case of an individual the term " net income " means the gross income as defined in section 213, less the deductions allowed by section 214.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200 or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year. * * *

Section 213 (a) of the Revenue Act of 1918 provides in part:

That for the purposes of this title * * * the term " gross income "—

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

We can not doubt that under the statute the taxpayer is required to include in his gross income for the taxable year any profits of the business derived therefrom during the period January 1 to May 13, 1918. The corporation did not come into existence until the last-named date, and whatever may have been the intention of the incorporator, the corporation is liable to income tax only upon earnings from the date of incorporation. The fact that the business was sold to the corporation as of January 1, 1918, will not suffice to relieve the individual from income tax in respect of profits derived from the business prior to the date of incorporation. We can not agree with the taxpayer that he is relieved from income tax in respect of the profits to May 13, 1918, simply because he failed to take an inventory as of that date. If there were any profits they are chargeable with income tax. Our problem is simply to determine the amount of the income from the business, if any, from January 1 to May 13, 1918.

The taxpayer has offered no evidence showing the income of the business for this period. He admits that the figures determined by the Commissioner by apportioning the income are correct, so far as a mathematical computation is concerned; that is to say, if such a method of apportionment is correct, the amount of the income of the taxpayer derived from the business from January 1 to May 13, was $241,155.39.

In view of the fact that the taxpayer neglected to take the necessary steps to determine the amount of his income, if any, from the business from January 1 to May 13, 1918, we are of the opinion that it was entirely proper for the Commissioner to make that determination upon some proper basis. In the absence of evidence showing that the method of proration used by the Commissioner was incorrect, and in the absence of any better method being suggested for such determination, we are of the opinion that the method of proration used by the Commissioner should not be disturbed. This method of proration has heretofore been approved by this Board. *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135.

The taxpayer has not alleged any error with respect to the determination of the income received by the taxpayer from the dividend paid by the corporation, Charles Broadway Rouss, Inc., on July 25, 1918.

*Judgment for the Commissioner.*